# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-26-00202-CV

---

**Demetrius T. Crockett, Appellant**

**v.**

**Keystone Automotive Industries, Inc., Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-24-004988, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Demetrius T. Crockett, acting pro se, filed an appeal that we stayed on January 26, 2026, allowing him an opportunity to obtain the local administrative judge's permission to file this appeal because, in a separate cause, Crockett has been declared a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code § 11.054 (stating criteria for finding plaintiff vexatious litigant). Our stay order advised Crockett that failure to obtain the local administrative judge's permission would result in dismissal of this appeal for want of jurisdiction. *See Madugula v. FM 969 Com. Dev., LLC*, No. 03-24-00565-CV, 2024 WL 4362839, at *1 (Tex. App.—Austin Oct. 2, 2024, no pet.) (mem. op.) (following similar procedure).

The Travis County district court's order declaring Crockett a vexatious litigant prohibits him from filing as a pro se party "any new litigation in a court in Texas against any party," unless he first obtains "permission from the appropriate local administrative judge as

required by Texas Civil Practice and Remedies Code section 11.102(a)." *See* Tex. Civ. Prac. & Rem. Code §§ 11.101(a) (authorizing court to enter order prohibiting person from filing new litigation in court to which order applies without permission from appropriate local administrative judge if court finds person is vexatious litigant), .102 (addressing permission by local administrative judge); *see also Madugula*, 2024 WL 4362839, at *1 (noting that prefiling order entered by district court applies to each court in this state). When a vexatious litigant is subject to a prefiling order under Section 11.101, a clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant unless the litigant obtains an order from the appropriate local administrative judge permitting the filing. Tex. Civ. Prac. & Rem. Code § 11.103(a); *Madugula,* 2024 WL 4362839, at *1; *see* Tex. Civ. Prac. & Rem. Code § 11.1035 (providing procedure for dismissal of litigation mistakenly filed without requisite order from local administrative judge).

Crockett filed no response to our request that he demonstrate permission from the local administrative judge to file this appeal. *See* Tex. Civ. Prac. & Rem. Code § 11.103(a). Because a prerequisite to filing Crockett's appeal was not met, this appeal should not have been filed. *See id.*; *Madugula*, 2024 WL 4362839, at *2 (dismissing appeal for want of jurisdiction because appellant who had been declared vexatious litigant had not requested permission from local administrative judge). Accordingly, we lift the stay and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____
Karin Crump, Justice

2

Before Chief Justice Byrne, Justices Theofanis and Crump

Dismissed for Want of Jurisdiction

Filed:   April 3, 2026